Citation Nr: 1761238 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 14-38 367 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to service connection for left hypertensive retinopathy. 

2. Entitlement to service connection for right hypertensive retinopathy. 

3. Entitlement to service connection for glaucoma suspect, left eye. 


ATTORNEY FOR THE BOARD

S. Reed, Associate Counsel







INTRODUCTION

The Veteran served on active duty from February 1961 to August 1964. 

This case comes before the Board of Veterans' Appeals (the Board) from a January 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, Republic of the Philippines.

This case was previously before the Board in December 2016. At that time, the Board remanded the above issues for additional development. The Board also reopened the Veteran's claim for entitlement to service connection for hypertension, and then remanded the issue to the RO. Upon remand, the Veteran was granted service connection for hypertension. The remaining issues have returned to the Board. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The development actions requested in the Board's December 2016 remand were not substantially completed. A remand by the Board confers on claimants, as a matter of law, the right to substantial compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008). It imposes upon VA a concomitant duty to ensure substantial compliance with the terms of the remand. Accordingly, in the present case, the additional development specified in the Board's prior remand must be substantially completed prior to adjudication.

Here the Board instructed the RO to obtain a VA examination to help determine the nature and etiology of the Veteran's claims for hypertensive retinopathy of the right and left eyes and for suspect glaucoma in the left eye. The examiner was request to provide opinions regarding these conditions. The opinions obtained were incomplete. 

With regard to the issues of entitlement to service connection for hypertensive retinopathy of the left and right eyes, the examiner was requested to provide an opinion as to whether it was at least as likely as not that the conditions were due directly to active service and whether the conditions were as likely as not due to or aggravated by service-connected hypertension. Upon examination, the examiner noted that the Veteran did not display hypertensive retinopathy of the right eye nor of the left eye. Thus the examiner concluded the conditions were less likely than not due to service or service-connected hypertension because the Veteran did not have a current disability. 

For the purposes of establishing service connection, a current disability can be a disability that manifests at any point during the course of the appeal. When the Veteran filed his claim in July 2013, he submitted evidence of a diagnosis of hypertensive retinopathy of the left and right eyes by an ophthalmologist. Based on the examiner's opinion, it is unclear if the condition resolved itself or if the examiner is stating that it never existed. If it resolved, an opinion is necessary to address any period during the appeal during which the conditions existed. If it never existed, an opinion is needed explaining that conclusion with a supportive rationale. Therefore, a remand is needed to obtain an addendum opinion. 

With regard to the issue of suspect glaucoma of the left eye, the examiner was requested to provide an opinion as to whether it was at least as likely as not that the condition was due directly to active service and whether the conditions were as likely as not due to or aggravated by service-connected hypertension. While the examiner provided an opinion as to direct service connection and as to whether the Veteran's service-connected hypertension caused the condition, the examiner did not provide an opinion as to whether the Veteran's service-connected hypertension aggravated the Veteran's suspect glaucoma of the left eye. Therefore, a remand is necessary to obtain addendum opinion as to the issue aggravation. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Forward the Veteran's claims file to the July 2017 examiner or an appropriate examiner to obtain addendum opinions as to nature and etiology of the Veteran's hypertensive retinopathy of the left and right eyes, and suspect glaucoma of the left eye. 

A copy of this remand must be made available to the examiner for review. A new examination should not be conducted unless the examiner feels it is necessary to provide the requested opinions.

Based on a review of the record the examiner is requested to provide an opinion as to the following:

a. Was the Veteran's hypertensive retinopathy of the left eye manifested during the period on appeal (since approximately July 2013).

b. If the examiner determines that the Veteran's hypertensive retinopathy of the left eye was manifested during the appeal period, provide an opinion as to whether it is at least as likely as not (a probability of 50 percent or greater) that the Veteran's condition began in or is related to active or was caused or aggravated by the Veteran's service-connected hypertension.

c. Was the Veteran's hypertensive retinopathy of the right eye manifested during the period on appeal (since approximately July 2013).

d. If the examiner determines that the Veteran's hypertensive retinopathy of the right eye was manifested during the appeal period, provide an opinion as to whether it is at least as likely as not (a probability of 50 percent or greater) that the Veteran's condition began in or is related to active or was caused or aggravated by the Veteran's service-connected hypertension.

e. Whether it is at least as likely as not (a probability of 50 percent or greater) that the Veteran's suspect glaucoma of the left eye was aggravated by the Veteran's service-connected hypertension. 

In formulating the opinions, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against.

If aggravation is found, the examiner should address the following medical issues to the extent possible: (1) the baseline manifestations of the Veteran's disabilities found prior to aggravation; and (2) the increased manifestations which, in the examiner's opinion, are proximately caused by the service-connected disability.



Any opinions offered should be accompanied by the underlying reasons for the conclusions. The examiner is specifically requested to address the January 2013 diagnosis of hypertensive retinopathy of the left and right eyes by Dr. Espino received by VA in April 2013. 

If the examiner is unable to offer any of the requested opinions, it is essential that the he or she offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2011).

2. Thereafter, readjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran should be afforded the applicable time period in which to respond.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).